IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DIRECTBUY, INC.,<br><br>      Plaintiff/Counterdefendant,<br><br>vs.<br><br>BUY DIRECT, LLC, TOM POPE, and ELONA POPE,<br><br>      Defendants/Counterplaintiffs. | Case No. 2:15-CV-344-JPK |

### NONPARTY DYLAN ASTLE'S MOTION TO QUASH DEPOSITION SUBPOENA

Nonparty Dylan Astle ("Mr. Astle"), through his attorneys, Vedder Price P.C., moves to quash the deposition subpoena issued by defendants Buy Direct, LLC, Tom Pope, and Elona Pope ("Defendants") pursuant to Federal Rules of Civil Procedure 45 and 37.  In support thereof, Mr. Astle submits his accompanying Memorandum in Support of his Motion to Quash Deposition Subpoena ("Memorandum") and states as follows:

1.    The subpoena should be quashed because it is unduly burdensome and harassing to Mr. Astle, who is neither a party to this litigation nor affiliated with any company that might ultimately be liable to Defendants.

2.    First, the subpoena is unduly burdensome because Defendants have failed to identify what information they seek from Mr. Astle that cannot be more easily obtained through party discovery.  A nonparty to this matter should not be subjected to the expense and burden of a deposition where Defendants refuse to describe with any degree of particularity what information is sought, why it must be obtained from Mr. Astle, and whether Defendants have made any effort to obtain the information from the parties to this litigation.

-2-

3. Second, Mr. Astle is a current employee of nonparty DirectBuy Home Improvement, Inc. ("DB Home Improvement"), an entity that purchased certain of the assets—but not the liabilities—of plaintiff DirectBuy, Inc. out of bankruptcy. The Asset Purchase Agreement ("APA") memorializing that transaction provides that DB Home Improvement was not purchasing, acquiring, or otherwise assuming any "Excluded Liabilities," which expressly includes Defendants' counterclaims in this litigation. The bankruptcy court approved the APA and authorized the "free and clear" acquisition of plaintiff DirectBuy, Inc.'s assets. The Court further held that under no circumstances may DB Home Improvement have successor liability for the liabilities of plaintiff DirectBuy, Inc. that were excluded from the APA. Therefore, Defendants cannot, as a matter of law, seek to impose any liability related to their counterclaims on DB Home Improvement or its employees, including Mr. Astle. Discovery from Mr. Astle is futile, pointless, and unduly burdensome.

For these reasons and all the reasons set forth in Mr. Astle's Memorandum, Mr. Astle respectfully requests that the Court quash Defendants' deposition subpoena, order that Defendants be barred from seeking further third-party discovery from him or DB Home Improvement, award Mr. Astle his reasonable attorneys' fees pursuant to Rule 45(d)(1), and grant all other relief that this Court deems just and proper.

-3-

                                        Respectfully submitted,

                                        DYLAN ASTLE

                                        By:   s/ Elizabeth N. Hall
                                                  One of His Attorneys

Elizabeth N. Hall
Jeanah Park (*pro hac vice* application forthcoming)
Jonathon P. Reinisch (*pro hac vice* application forthcoming)
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500

Dated:  June 18, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2019, I electronically filed the foregoing NONPARTY DYLAN ASTLE'S MOTION TO QUASH DEPOSITION SUBPOENA with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Elizabeth N. Hall*