UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIRECTBUY, INC.,<br>　　Plaintiff, | )<br>)<br>) |
| v. | )　CASE NO.: 2:15-CV-344-JVB-AZ |
| BUY DIRECT, LLC, *et al.*,<br>　　Defendants, | )<br>)<br>) |
| BUY DIRECT, LLC, *et al.*,<br>　　Counterclaim Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| DIRECTBUY, INC., *et al.*,<br>　　Counterclaim Defendant. | )<br>) |

**OPINION AND ORDER**

On June 5, 2024, Judge Martin, the previous Magistrate Judge assigned to this case, *sua sponte* ordered Counter-Plaintiffs Buy Direct LLC, Tom Pope, and Elona Pope to file a supplemental jurisdictional statement because the allegations of their Third Amended Counterclaim did not sufficiently allege a basis for the Court's subject matter jurisdiction. [DE 138]. Counter-Plaintiffs were specifically ordered to state the citizenship of the three Counter-Defendants CSC Generation, Inc., DirectBuy Home Improvement, Inc., and DirectBuy Operations, LLC because the only asserted basis of jurisdiction was under 28 U.S.C. § 1332(a). [*Id.*]

The Counter-Plaintiffs are all citizens of the state of Texas, *see* DE 112 Third Am. Counterclaim at ¶¶ 12–14, so assuming the amount of controversy is met, all Counter-Defendants must be citizens of states *other* than Texas for the Court to have

subject matter jurisdiction. On June 18, Counter-Plaintiffs filed their Supplemental Jurisdictional Statement [DE 140]. That statement, however, does not fully flesh out the complete citizenship of all three Counter-Defendants identified in the Court's prior order, as discussed below.

Federal courts "have an independent duty to ensure subject-matter jurisdiction" that cannot be waived by the parties or excused by the Court. *Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010). The claims at issue in the Third Amended Counterclaim are permissive counterclaims which require "an independent basis for federal jurisdiction." *Oak Park Tr. & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000). The only asserted basis is diversity jurisdiction. Diversity jurisdiction exists when the parties on each side of an action are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

The citizenship of Counter-Defendants CSC Generation, Inc. and DirectBuy Home Improvement, Inc. are relatively straightforward. Both are incorporated in Delaware and, at the time of the filing of the Third Amended Counterclaim, had their respective principal place of business in Indiana. They are thus both citizens of Delaware and Indiana. 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). And while Counter-Plaintiffs note that documents filed with the Indiana Secretary of State reflect a change of CSC Generation's and DirectBuy Home Improvement's principal

2

places of business to an address in California, that is not relevant for present purposes because the Court must assess jurisdiction as of the date of filing or removal of a lawsuit. *Sykes v. Cook Inc.*, 72 F.4th 195, 206 (7th Cir. 2023) (jurisdiction determined at time of filing); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) ("[A]llowing a citizenship change to cure the jurisdictional defect that existed at the time of filing would contravene the principle articulated by Chief Justice Marshall in *Conolly*. We decline to do today what the Court has refused to do for the past 175 years."). Counter-Plaintiff's supplemental jurisdictional statement thus shows there is diversity of citizenship between the Counter-Plaintiffs and two of the three Counter-Defendants.

Counter-Defendant DirectBuy Operations, LLC, however, is a different story. DirectBuy Operations is not a corporation. It is a limited liability company registered under the laws of Delaware and has a principal place of business (and Manager) located in Indiana. The state of registration or location of a principal place of business do not dictate citizenship though because "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members … and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). As such, "an LLC can be a citizen of many states." *Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022). Counter-Plaintiffs thus do not allege the identity, let alone the citizenship, of any member of DirectBuy Operations, LLC in either the Third Amendment Counterclaim or their supplemental jurisdictional statement.

As the Seventh Circuit has noted, the situation before us presents an "obvious obstacle to pursuing relief in federal court" because many states do not require limited liability companies to disclose their constituent members. *Qin*, 31 F.4th at 582. So what is a federal court concerned about its potential lack of subject matter jurisdiction to do? Dismissal for lack of subject matter jurisdiction is an option, as the Counter-Plaintiffs have the burden of alleging subject matter jurisdiction and have failed to do so. *See Geiser v. Goshen Health Sys. Inc.*, No. 3:17-CV-864 JD, 2018 WL 3619796, at *1 (N.D. Ind. July 30, 2018) ("The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which for the purposes of this motion is the counter-plaintiff[.]"). But that seems drastic and unwarranted in this case, which has already been pending for nearly a decade and because concerns over subject matter jurisdiction were raised by the Court *sua sponte*.

Counter-Plaintiffs say they have provided the Court with what they can "based on available public information," which they tacitly acknowledge to be insufficient and therefore "request leave of court to commence discovery" as to the citizenship of DirectBuy Operations, LLC. [DE 138 at 3]. The Court agrees that such limited discovery as to whether the parties are in fact diverse is warranted in this instance. *See Qin,* 31 F.4th at 582 ("Courts sometimes authorize such discovery after suit is filed when doubt emerges regarding whether, as alleged, the parties are in fact diverse.").

Accordingly and for the foregoing reasons, the Court **GRANTS LEAVE** for Counter-Plaintiffs Buy Direct LLC, Tom Pope, and Elona Pope to conduct limited

4

jurisdictional discovery as to Counter-Defendant DirectBuy Operations, LLC as follows:

(1) Counter-Plaintiffs are permitted to serve no more than two (2) interrogatories directed to Counter-Defendant DirectBuy Operations, LLC seeking the state(s) it is a citizen of, including the citizenship of its members and the citizenship of any members which are themselves limited liability companies or partnerships as necessary. These interrogatories shall not count towards the limit placed on written interrogatories by Federal Rule of Civil Procedure 33(a)(1).

(2) Counter-Plaintiffs shall serve these interrogatories no later than **July 8, 2024**.

(3) Counter-Defendant DirectBuy Operations, LLC shall respond to these interrogatories within 30 days of service. To the extent DirectBuy Operations, LLC believes answering these interrogatories requires disclosure of proprietary or confidential information, it may mark its responses as "ATTORNEYS' EYES ONLY" (meaning they may not be shared with anyone beside counsel of record or the Court) or seek a protective order prior to the date of its response.

(4) Counter-Plaintiffs shall file a second supplemental jurisdictional statement no later than **August 7, 2024** provisionally under seal in accordance with the Local Rule 5-3 if necessary.

SO ORDERED this 27th day of June 2024.

>/s/ *Abizer Zanzi*
>MAGISTRATE JUDGE ABIZER ZANZI
>UNITED STATES DISTRICT COURT